Approved: /s/ BK
BENJAMIN D. KLEIN
Assistant United States Attorney

Before: THE HONORABLE ANDREW E. KRAUSE
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA : **COMPLAINT** 22 mj 3539

    - v. -                          : Violation of
                                      18 U.S.C. § 922(g)(1)
COREY MARROW,                       :
                                      COUNTY OF OFFENSE:
            Defendant.              : WESTCHESTER

- - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

JOANNA BECK, being duly sworn, deposes and says that she is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and charges as follows:

COUNT ONE
(Possession of a Firearm)

1. On or about April 15, 2022, in the Southern District of New York and elsewhere, COREY MARROW, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess a firearm, to wit, a .380 Auto caliber Walther CCP M-2, serial number WM013583, and the firearm was in and affecting interstate commerce.

(Title 18, United States Code, Section 922(g)(1))

The bases for my knowledge and for the foregoing charge are, in part, as follows:

2. I am a Special Agent with the ATF, and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in this investigation, my conversations with law enforcement agents, witnesses, and others, as well as my examination of reports and records. Because this affidavit is being submitted for the

limited purpose of establishing probable cause, it does not include all the facts that I have learned during my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based on my participation in this investigation, conversations with other law enforcement officers, including U.S. Probation Officers, conversations with witnesses, and review of reports, photographs, and law enforcement records, I have learned the following, in part and in substance:

a. On or about April 15, 2022, at approximately 6 a.m., members of the U.S. Probation Office ("Probation"), assisted by members of the ATF, conducted a search of an apartment located on the third floor of a particular residence on Pease Street in Mt. Vernon (the "Residence"). Based on prior visits and law enforcement records, Probation understood that COREY MARROW, the defendant, was the only person residing at the Residence.

b. Prior to the search, members of Probation reviewed reliable law enforcement records, including phone records, license plate reader data, and video surveillance, which identified MARROW as a potential suspect in an ongoing investigation of a gang-related shooting that occurred in Mount Vernon on or about March 6, 2022.

c. After arriving at the Residence, members of Probation knocked and announced their presence. A female answered the door and identified herself as MARROW's sister. Probation entered the Residence and conducted a protective sweep. During the sweep, members of Probation identified MARROW's brother and nephew in the living room area of the Residence, and MARROW's mother in a bedroom on the left-hand side of the Residence.

d. Based on prior visits, members of Probation understood that MARROW resides in a particular bedroom (the "Bedroom") on the right-hand side of the Residence. During the protective sweep, members of Probation observed that no one was present in the Bedroom. Based on discussions with MARROW's sister, members of Probation understood that, before the search, MARROW had left the Residence to go to work.

e. After finishing the protective sweep, members of Probation, assisted by ATF officers, conducted a

search of the residence.  During a search of the Bedroom, a Probation Officer, assisted by an ATF Special Agent, lifted the mattress of MARROW's bed.  After lifting the mattress, these officers found, on the top portion of the bed, laying on the box spring, a .380 Auto caliber Walther CCP M-2, serial number WM013583 (the "Firearm"), along with eight rounds of ammunition.

        f.   The following is a picture of the Firearm and ammunition recovered during the search:



        g.   After recovering the Firearm and ammunition, members of law enforcement arrested MARROW at his place of work. After being transported to the Residence and advised of his *Miranda* rights, MARROW made a spontaneous statement to a Probation Officer, saying, in sum and substance, that his brother "had nothing to do with the gun."  The Probation Officer called over a second Probation Officer and asked MARROW to repeat his statement, and MARROW once again stated, in sum and substance, that his brother "had nothing to do with the gun."

        4.   Based on my review of a criminal history report and federal sentencing records pertaining to COREY MARROW, the defendant, and my involvement in this investigation, I have learned, among other things, that on or about April 6, 2017, MARROW was convicted in the United States District Court for the

Southern District of New York, of Conspiracy to Distribute and Possess with the Intent to Distribute Heroin, Cocaine, and Crack, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), a Class B Felony. On or about July 12, 2017, MARROW was sentenced to 66 months' imprisonment to be followed by 48 months of supervised release.

     5.   I know, based on the make and model of the Firearm, that the Firearm was manufactured in Germany.

WHEREFORE, the deponent respectfully requests that COREY MARROW, the defendant, be imprisoned or bailed, as the case may be.

_____
JOANNA BECK
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to me this 19th Day of April 2022

_____
THE HONORABLE ANDREW E. KRAUSE
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK